

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**JENNIFER ABREU**
(516) 357-3218
jennifer.abreu@rivkin.com

May 10, 2021

**By ECF**
Honorable Brian Cogan
United District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  **Re:**  Government Employees Ins. Company, et al. v. NYRX Pharmacy, Inc., et al.
      Docket No.: 1:20-cv-05821-BMC
      RR File No.: 005100-3065

Dear Judge Cogan:

We are counsel for Plaintiffs (collectively "Plaintiffs" or "GEICO"). Pursuant to Local Rule 37.3(c), GEICO respectfully moves for an order enforcing subpoenas to testify that it served upon the following non-party witnesses: (i) Business Support & Consulting, Inc., (ii) Staff Research & Placement, Inc., (iii) Gia Gorgotadze, (iv) Statewide Employment Professionals, Inc.; (v) NYRX 2 Pharmacy, Inc., (vi) Kasimali Hamzaev; and (vii) Howard Baum, M.D.

Each of the above (collectively, the "Non-Party Witnesses") was properly served with a subpoena and failed to comply. Copies of the subpoenas, along with the affidavits of service, are annexed hereto as Exhibit "A." None of the Non-Party Witnesses appeared on the return date nor contacted counsel for GEICO to request an adjournment or extension of time to respond. Accordingly, GEICO respectfully requests the Court compel the Non-Party Witnesses to comply.

As this Court is aware, this action seeks to recover more than $434,000 that NYRX Pharmacy, Inc. ("NYRX) and Yuriy Avulov (collectively, the "Defendants") stole from GEICO by submitting more than $4.6 million in fraudulent "No-Fault" insurance claims, seeking reimbursement for, among others, medically unnecessary "pain relieving" topical prescription drug products (the "Fraudulent Pharmaceuticals"). The claims submitted to GEICO are fraudulent because, among other things: (i) the Fraudulent Pharmaceuticals were prescribed and dispensed pursuant to illegal collusive agreements, unlawful kickback arrangements, and predetermined protocols designed to exploit patients for financial gain and (ii) the Defendants intentionally targeted a specific set of pharmaceutical products which they acquired at low cost and dispensed in large volumes with egregiously inflated charges, without regard for the availability of a wide range of other prescription and over-the-counter medications proven to have therapeutic effects and available at a fraction of the cost.

9 Thurlow Terrace
Albany, NY 12203-1005
T 518.462.3000 F 518.462.4199

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777



Honorable Brian Cogan
May 10, 2021, Page 2

In order to perpetrate the scheme, the Defendants colluded with prescribing healthcare providers (the "Prescribing Providers") and persons who work at or are associated with various multidisciplinary medical clinics (the "Clinic Controllers") to steer large volumes of bogus prescriptions to NYRX. The Defendants intentionally targeted the Fraudulent Pharmaceuticals – and dispensed them to patients involved in automobile accidents – because the Defendants could acquire them at low cost and bill GEICO exorbitant amounts for them. For example, the Defendants submitted charges ranging from $1,179.00 to $2,358.00 for a single tube of Diclofenac Gel 3%, with charges at times exceeding $3,500.00 for a single tube; from $380.50 to $1,522.00 for a single tube of Lidocaine 5% Ointment, with charges at times exceeding $1,900.00; and from $308.10 to $925.20 for a prescription of Lidocaine 5% Patch.

## I. The Non-Party Discovery is Relevant to GEICO's Claims

The requested non-party discovery is plainly relevant to GEICO's claims. While GEICO is still uncovering the depths of the fraudulent scheme, subpoenaed financial records received thus far support GEICO's allegations in the Complaint. In fact, the financial records show millions of dollars were paid by NYRX to various non-party entities, without any indication that this was compensation for legitimate services.

First, NYRX issued payments exceeding $200,000 to Business Support & Consulting, Inc. and Staff Research & Placement, Inc. – non-party entities owned by and/or associated with Gia Gorgotadze (collectively, the "Gorgotadze Witnesses") – and Statewide Employment Professionals, Inc.  These payments are not explained by the Defendants' verified interrogatory responses, which fail to identify any of these nonparties as persons or entities who provided goods or services to NYRX. Nor have the Defendants produced a single invoice, communication, receipt, agreement, or any other document relating to any of these nonparties.

Further, Statewide Employment Professionals, Inc. is an entity that appears to have no legitimate purpose, but which received payments from entities that were indicted by the Brooklyn District Attorney's Office for allegedly participating in a healthcare fraud scheme wherein patients were paid in cash in exchange for going to clinics for medically unnecessary treatment.  As to the non-party entities associated with Gia Gorgotadze, they (i) were formed just one day apart, (ii) use the same address which appears to be a vacant building, (iii) do not appear to have websites or any online presence, and (iv) do not appear to provide any legitimate services to NYRX.  A sample of cancelled checks to the Gorgotadze Witnesses and Statewide Employment Professionals is attached hereto at Exhibits "B" and "C", respectively.

Second, New York State pharmacy records indicate that the Defendants purportedly sold NYRX to Kasimali Hamzaev in November of 2019 and that NYRX's license was transferred to NYRX 2 Pharmacy, Inc. ("NYRX 2"). However, even though NYRX 2 appears to be the purchaser of NYRX, subpoenaed financial records show that NYRX funneled payments totaling $1.6 million to NYRX 2.  Moreover, NYRX 2 is apparently not an actively operating pharmacy, nor could it be because its registration with the NYS Board of Pharmacy states that it has "no supervising



Honorable Brian Cogan
May 10, 2021, Page 3

pharmacist" –which would be necessary to lawfully operate under New York law.  Payments from NYRX to a non-operating entity and its owner - NYRX 2 and Hamzaev – are plainly relevant to GEICO's claims that NYRX was never a legitimate neighborhood pharmacy, but was used as part of a large scale fraudulent scheme that involved collusion and kickbacks to generate large volumes of medically unnecessary scripts that were steered to NYRX.

Third, as to Howard Baum, M.D. ("Dr. Baum"), GEICO's Complaint sets forth in detail how the Defendants, to facilitate the scheme, created and supplied some of the prescribing providers and No-Fault clinics with a "prescription order form" which is essentially a check off product list of predetermined pharmaceuticals that steered the pharmaceuticals to NYRX. Dr. Baum used this prescription order form (containing NYRX's name, address, and contact information, along with the names and quantities of predetermined pharmaceuticals). Clearly, Dr. Baum has information relevant to GEICO's claims in this action, including the Defendants' collusive relationships with Prescribing Providers and the use of prescriptions order forms to steer the prescription of specific set of pharmaceutical products. A sample prescription order form is attached hereto at Exhibit "D."

This Court has continually enforced subpoenas served on non-party witnesses who fail to offer a sufficient excuse for non-compliance. See Freund v. Weinstein, 2009 WL 4065585 (E.D.N.Y. 2009) (ordering non-party witness to comply with subpoena as no adequate excuse provided for non-compliance); Beruashvili v. Hobart Corp., 2006 WL 2289199, *1 (E.D.N.Y. Aug. 8, 2006); Calabro v. Stone, 224 F.R.D. 532 (E.D.N.Y. 2004) (same); see also First Indemnity of America Ins. Co. v. Shinas, 2005 WL 3535069 (S.D.N.Y. 2005) (requiring non-party to comply with subpoena); Government Employees Ins. Co., et. al. v. Weinberger, D.C., et al., Dkt. No. 1:18-cv-06641(NGG)(RER) (E.D.N.Y.), at July 29, 2019 Order (same); Government Employees Ins. Co., et. al. v. Epione Medical, P.C. et al., Dkt. No. 1:18-cv-03159(SJ)(SJB) (E.D.N.Y.), at August 1, 2019 Order (same).

Accordingly, GEICO respectfully requests that Court issue an order compelling compliance with the subpoenas and mandating the Non-Party Witnesses' appearances.

Very truly yours,

RIVKIN RADLER LLP
*s/ Jennifer Abreu*
Jennifer Abreu

cc:    All Counsel (via ECF)

Business Support & Consulting, Inc., Staff Research & Placement, Inc., Gia Gorgotadze, Statewide Employment Professionals, Inc., NYRX 2 Pharmacy, Inc., Kasimali Hamzaev, and Howard Baum, M.D. (via US Mail to Last Known Address); see Exhibit "E".